UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EVERETTE WEAVER,

Plaintiff,

v. 1:22-CV-0293 (GTS/DJS)

NEW YORK STATE OFFICE OF COURT ADMIN.; NEW YORK STATE UNIFIED COURT SYSTEM; EDWARD T. MCLOUGHLIN; and CHRISTI J. ACKER,

Defendants.

---

APPEARANCES: OF COUNSEL:

EVERETTE WEAVER
Plaintiff, *Pro Se*
827 Route 82
Hopewell Junction, NY 12533

HON. LETITIA A. JAMES — SHANNAN C. KRASNOKUTSKI, ESQ.
Attorney General for the State of New York — Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this civil rights action filed pro se by Everette Weaver ("Plaintiff") against the New York State Office of Court Administration ("OCA"), the New York State Unified Court System ("UCS"), New York State Supreme Court Justice Edward T. McLoughlin, and New York State Supreme Court Justice Christi J. Acker (together "Defendants"), is Defendants' motion to dismiss for lack of personal jurisdiction, insufficient

service of process, and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(2), (5) and (6). (Dkt. No. 15.) For the reasons set forth below, Defendants' motion is granted.

## I. RELEVANT BACKGROUND

### A. Summary of Plaintiff's Complaint

Generally, liberally construed, Plaintiff's Complaint alleges that, through their actions in one or more prior mortgage-foreclosure actions in New York State Supreme Court for Dutchess County occurring between 2009 and 2021, Defendants conspired with each other to "steal properties from Blacks and give [them] to Whites for Pennies on the Dollar, by using the Court as a Vehicle," and to "alter[]" and/or destroy "public records" in order to "silenc[e]" Plaintiff and "put[] his case into the sewer system." (*See generally* Dkt. No. 1, at 6 [Plf.'s Compl.].) Generally, based on these factual allegations, Plaintiff asserts the following four claims: (1) a claim that Defendants violated his right against national origin discrimination (in the form of a "hostile ***court*** environment") under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) a claim that Defendants violated his right against racial discrimination under Title VII; (3) a claim that Defendants violated his rights to equal protection under the law and due process of law under the Fourteenth Amendment and 42 U.S.C. § 1983; and (4) a claim that Defendants violated his right against racial discrimination under New York Human Rights Law, N.Y. Exec. L. § 296. (*See generally* Dkt. No. 1 [Plf.'s Compl.] [emphasis added].) Familiarity with these claims and the factual allegations supporting them in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

### B. Summary of Parties' Briefing on Defendants' Motion

#### 1. Defendants' Memorandum of Law-in Chief

Generally, in support of their motion to dismiss, Defendants assert the following four arguments. (*See generally* Dkt. No. 15, Attach. 2 [Defs.' Memo. of Law].) First, Defendants argue that, as a threshold matter, Plaintiff's claims against Defendants OCA and UCS should be dismissed for lack of personal jurisdiction, because those Defendants have not been properly served with process under Fed. R. Civ. P. 4(j)(2) and New York C.P.L.R. § 307(2). (*Id.* at 13-15.)[1]

Second, Defendants argue that, in any event, all (or almost all) of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, which directs federal courts to abstain from exercising jurisdiction over challenges to prior state-court judgments. (*Id.* at 15-16.)

Third, Defendants argue that, in any event, Plaintiff's claims against Defendants Acker and McLoughlin are barred by the doctrine of absolute judicial immunity. (*Id.* at 16-18.)

Fourth, and finally, Defendants argue that, in any event, Plaintiff's claims otherwise fail to state a cause of action, because (a) Plaintiff's Section 1983 claims against Defendants OCA and UCS and the individual Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution, (b) Plaintiff fails to state a claim under Title VII (which prohibits discrimination only by an employer, employment agency, and union) and N.Y. Exec. L. § 296 (which prohibits discrimination only by an employer, licensing agency, employment agency, union, or employment agency), and (c) to the extent that Plaintiff invokes additional statutes (such as N.Y. Exec. L. § 54, Article 4-A of the New York Executive Law, S. 2987-A/A.5678, and S. 70-A/A.2230), no private right of action exists under those statutes. (*Id.*

[1] Page citations in this Decision and Order refer to the screen numbers on the Court's Case Management / Electronic Case Filing ("CM/ECF") System, not to the page numbers on the documents contained therein.

at 18-22.)

**2. Plaintiff's Opposition Memorandum of Law**

Generally, in response to Defendants' motion, Plaintiff asserts the following six arguments. (*See generally* Dkt. No. 16 [Plf.'s Opp'n Memo. of Law].) First, Plaintiff argues, through their alleged actions in state court, Defendants conspired to "put this case into the sewer system." (*Id.* at 8-71.)

Second, Plaintiff argues, Defendants OCA and UCS were properly served or waived service by requesting an extension of time to answer, because (a) defense counsel is applying a different standard for service of process than the standard that governed service of process on Plaintiff in one or more of the state court actions, (b) in support of their argument that Plaintiff's service of process was insufficient, Defendants rely on a declaration that is unverified, (c) defense counsel became aware of the case before requesting an extension of time by which to file an Answer, and (d) by requesting such an extension, Defendants waived service. (*Id.* at 72-79.) In the alternative to dismissal for insufficient service, Plaintiff requests an extension of time to effect service. (*Id.* at 108.)

Third, Plaintiff argues, the *Rooker-Feldman* doctrine does not apply to this case, because (a) the doctrine does not prevent federal district courts from reviewing state court judgments that were allegedly procured through fraud, and (b) here, Defendants conspired to alter court records, "block discovery," and "put [Plaintiff's] case into the sewer system." (*Id.* at 79-89.)

Fourth, Plaintiff argues, his claims against Defendants Acker and McLoughlin are not barred by the doctrine of judicial immunity, because those Defendants' actions were taken (a) outside of their roles as judges, and (b) in the complete absence of jurisdiction. (*Id.* at 89-95.)

Fifth, Plaintiff argues, his Complaint states several causes of action, because (a) the Eleventh Amendment does not apply to this case, (b) he is of African descent and was not represented by counsel in the state court actions, and (c) under the doctrine of respondeat superior, an employer is legally responsible for the wrongful acts of its employees. (*Id.* at 95-102.)

Sixth, and finally, Plaintiff argues, non-parties Ricky and Kristin Daeira are in criminal possession of stolen property in violation of N.Y. Penal L. § 165.52. (*Id.* at 102-07.)

**3. Defendants' Reply Memorandum of Law**

Generally in their reply, Defendants assert the following five arguments. (*See generally* Dkt. No. 17 [Defs.' Reply Memo. of Law].) First, Defendants argue, Plaintiff's 109-page opposition memorandum of law should largely be disregarded, because it violates the District's 25-page limitation on such memoranda of law. (*Id*. at 3.) Similarly, Defendants argue, Plaintiff's 132 pages of exhibits should not be considered, because (a) such consideration is inappropriate on Defendants' motion to dismiss, and (b) those documents either are more than four years old or were created after the filing of the current action. (*Id*.)

Second, Defendants argue, Plaintiff's arguments about service of process are without merit, because (a) awareness of an action by means other than those authorized by statute does not bring a defendant within the jurisdiction of the Court, and (b) requesting an extension of time to answer or otherwise respond does not constitute a waiver of personal jurisdiction. (*Id.* at 3-5.)

Third, Defendants argue, Plaintiff's arguments about the *Rooker-Feldman* doctrine are without merit, because (a) as recognized by other district courts in the Second Circuit, allegations that a mortgage-foreclosure judgment was procured by fraud will not suffice to provide a court

with jurisdiction under the doctrine, and (b) in any event, Fed. R. Civ. P. 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake," which Plaintiff's conclusory allegations fail to do. (*Id.* at 5-6.) Similarly, Defendants argue, to the extent that Plaintiff argues that proceedings in one or more state-court actions remain ongoing, any claims by Plaintiff based on those proceedings are barred by the doctrine of *Younger* abstention. (*Id*. at 6.)

Fourth, Defendants argue, Plaintiff's arguments about the doctrine of absolute judicial immunity are without merit, because (a) his arguments that Defendants McLoughlin and Acker engaged in conduct outside their roles as judicial officers is both conclusory and implausible, and (b) contrary to Plaintiff's arguments, all of the conduct he alleges is precisely the type of conduct protected by judicial immunity. (*Id.* at 6-8.)

Fifth, and finally, Defendants argue, Plaintiff's arguments about his failure to state a claim are without merit, because (a) Plaintiff does not respond to Defendants' argument about Section 1983 in an intelligible manner, and it remains clear that such claims are barred as against Defendants OCA and UCS and the individual Defendants in their official capacities, (b) Plaintiff does not allege any employment relationship with any of the Defendants for purposes of his claims under Title VII and N.Y. Exec. L. § 296, and (c) Plaintiff's opposition does not address any of his additional statutory claims, and all of these claims are subject to dismissal for the reasons set forth in Defendants' memorandum of law-in chief. (*Id.* at 8-9.)

## II. LEGAL STANDARD GOVERNING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

It has long been understood that a dismissal for failure to state a claim upon which relief

can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[2]

The Supreme Court has explained that such *fair notice* has the important purpose of

---

[2] *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

"enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the

four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[3]

## III. ANALYSIS

After carefully considering the matter, the Court finds that Defendants' motion should be granted for each of the several alternative reasons stated in their memoranda of law: (1)

---

[3] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

ineffective service of process; (2) preclusion under the *Rooker-Feldman* doctrine (and *Younger* doctrine); (3) preclusion under the doctrine of absolute judicial immunity; and (4) failure to state a claim upon which relief can be granted (due to the Eleventh Amendment, the lack of an alleged employment relationship, and the lack of a private right of action). *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order. To those reasons, the Court adds only four brief points.

First, as a threshold matter, the Court exercises its discretion to disregard pages "27" through "102" of Plaintiff's opposition memorandum of law (whose body starts at page "2"). (Dkt. No. 16.) Before filing his opposition, Plaintiff received a courtesy copy of, among other things, both Local Rule 7.1 of the District's Local Rules of Practice and page "40" of the District's *Pro Se* Handbook (which each clearly advised Plaintiff of the 25-page limitation on memoranda of law). (Dkt. No. 3, at 2.) Furthermore, he did not request an enlargement of the 25-page limitation imposed by Local Rule 7.1(b)(1). (*See generally* Docket Sheet.) Unfair prejudice to Defendants is clear, given the breadth of irrelevant material contained in his opposition. (*Compare* Dkt. No. 16 [Plf.'s 102-page Opp'n] *with* Dkt. No. 17, at 3 [Defs.' Reply Memo. of Law, complaining of lack of relevance].)

Second, the Court would render the same finding as stated in the first paragraph of Part III of this Decision and Order even if the Court were to consider (a) *all* of the arguments set forth in Plaintiff's opposition (as the Court has done in Part I.B.2. of this Decision and Order), (b) the factual allegations set forth in that opposition as effectively amending the factual allegations of the Complaint (to the extent that the former are consistent with the latter), and (c) the 132 pages of exhibits attached to that opposition as effectively amending the factual allegations of the Complaint (again, to the extent that the former are consistent with the latter). Indeed, the Court

finds that the flaws in Plaintiff's claims become even more apparent if one were to consider that material.

Third, Plaintiff is mistaken that the declaration of OCA Deputy Counsel Craig E. Penn is "unsworn." (*Compare* Dkt. No. 16, at 74 [asserting argument] *with* Dkt. No. 15, Attach. 1 [attaching declaration, which is sworn pursuant to 28 U.S.C. § 1746].)

Fourth, and finally, the Court denies Plaintiff's alternative request for an extension of time to effect service of his Complaint, given (a) his failure to offer a cognizable excuse for his failure to timely serve his Complaint, (b) the unfair prejudice that Defendants would experience if such a request were granted, and (c) the substantive defects in his claims (referenced above in Parts I.B.1. and I.B.3. of this Decision and Order). *Zapata v. City of New York*, 502 F.3d 192, 195-99 (2d Cir. 2007).

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 7, 2023
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge